Chancellor Desaussure.
This case has been brought up rather in an imperfect state. The commissioner’s report doeff not state with sufficient fullness the points in controversy, nor the facts'on which they turn; so that the exceptions make a case which does not appear on the face of the reports.
The first exception to the report is by the defendant;' because the sealed notes, which were paid by the securities to said notes, are reported as simple contract debts, and because they ought to have been set up in equity, after they were extinguish» ed at law, as specialties.
Now the report to which this exception is made, does not state one word of any payment, by any surety, of any notes, sealed or unsealed, and no question is raised or decided by the commissioner in the report, on that point. The argument of counsel alone discloses the real points in controversy, and they make very different statements. Taking it for granted however, that the case was properly stated, I am of opinion that this exception must be overruled. I would go every length in my power to assist securities who have been obliged to pay debts for their principals; but I cannot alter the law for them, and I apprehend that the decided cases are against^^e principles contended for by t- is exception: it must thereforenP’bverruled. The second exception relates to a note which had a seal, without the words “witness my hand and seal,” which induced the commissioner, as it is said, to report “that this was a simple contract debt.” If he did so, I think he was in error and the exception must be sustained.
The complainants exceptions are as follows: 1st. Because the commissioner has reported in favor of a note to Moses A. *92 Locke fe Co. for $ 809, as a sealed instrument. The facts ara not stated on which this objection is made, so no opinion cant be formed on it.' - The 2d exception is., because the commissioner has reported in favor of the said note as a subsisting demand, when in fact the note has been paid by an'order of D. S. Bailey on Williams feBrummett, and accepted by them.' It seems this order was not paid, but was after a considerable lapse of time, to wit, in 1820, after the death of Bailey, (which was in October, IS!9,) returned to his administrator. The gross negligence in this case made the note not returned in due season the partie’s own, and it was too late to come back to the original debtor for payment, on the original demand. This exception must be therefore sustained. And it is ordered that the report be corrected according to these orders and the accounts made up conformably thereto.
Carter, for the appellants,
argued that the order given to Lock 8f Co. was no payment of. their note. That the complainant' had received it back from them, and that the order was dated on the same day with the note, which shews it t* have been intended as a collateral security. That the court will always indemnify a security, by considering a judgment or specialty which he has paid, as assigned to him.. Cited 2 Vern. 480; Id. 608; Atk. 135, 160; 1 Eq. Re. 214; Id. 409; 4 Eq. Re. 650; 2 Ves. sen. 371.
*92 From this decree the defendants, Smith, and Lock Sc Co» appealed:
1st. Because this court will set up bonds which have been paid by a security, as a specialty debt, in favor of the security, in the distribution of the assets of an intestate, or testator:
2d. Because this court will put the security, who has been obliged to pay the money for his principal, in the same situation as the original creditor, and give him all the benefits which the principal had:
3d. Because the order which Bailey gave to Moses A. Lock & Co. was not a payment of the note which Lock 8/ Co» had on Bailey, but was only a collateral security:
4th. Because if it was first intended as a payment, that intention wawlefeated by the complainant having received ¡back the oraer from the defendants, Moses A. Lock St Co:
5th. Because the receipt of this order did not 'destroy the effect of the note, and defendants had a right to insist to the note, when they failed to get their money on the order.
Holmes, contra,
contended against the right of the security to have the specialties which he had paid, set up in his favor,. His demand against the intestate in his life time was certainly on simple contract; and if he had sued him, it must have been by action of assumpsit. The act of the legislature, prescribing the order of paying debts in the administration of insolvent estates, postpones simple contracts and is decisive. 3 Eq. Re. 116.
As to the order given to Lock St Co. there is no evidence that it was ever presented to the drawers; and if it was, there was laches in not sooner returning it. Chit on bills, 264.
Decree affirmed;
Chancellors Hesaussure, Gaillard, Wa'ties, and James, concurring.
Thompson, dissenting.